IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| JERMAINE WILLIAMSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 07-4225-CV-C-NKL |
| KEITH SCHAFER, et al., | ) ) ) | |
| Defendants. | ) | |

## REPORT, RECOMMENDATION AND ORDER

Plaintiffs Jermaine Williamson, Antonio Webb, Sean Wright and Ted Crist, inmates confined at Fulton State Hospital, a Missouri mental institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1. Plaintiffs name as defendants various personnel of Fulton State Hospital.

Plaintiffs, all of whom have previously been found not competent to stand trial, are apparently now competent to stand trial and awaiting trial on criminal charges. The essence of their complaint is that restrictions on the use of computers, the library and telephones at Fulton State Hospital adversely affects their ability to prepare for trial.

Plaintiffs have requested leave to proceed without paying the filing fee, pursuant to 28 U.S.C. § 1915. Under section 1915, the court may waive filing fees and costs if it finds a plaintiff is indigent and if the claim should not be dismissed on certain other enumerated grounds. If appropriate, the court may impose a partial filing fee under L.R. 83.7. In re Williamson, 786 F.2d 1336 (8th Cir. 1986).

Plaintiffs' affidavits indicate that they are indigent and currently unable to pay the full filing fee. Nevertheless, when a plaintiff seeks leave to proceed without prepayment of the filing fee, the court must dismiss the case if it finds the claim to be frivolous or malicious, if it fails to state a claim for which relief may be granted, or if it seeks monetary relief against a defendant

who is immune from such relief. 28 U.S.C. § 1915(e)(2). The term "frivolous," as used in the statute, does not necessarily imply the plaintiff's claims are unimportant, but may mean only that the federal court lacks the authority to address them.

Case law indicates that where a plaintiff seeks leave to proceed under section 1915, a claim should be dismissed if it "lacks an arguable basis either in law or fact" or is based on an "indisputably meritless legal theory." Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). The statute has been interpreted to give the court "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. Baseless factual contentions are those that are "fanciful," "fantastic" or "wholly incredible." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citation omitted).

In essence, this is a claim of denial of access to the courts because plaintiffs have inadequate use of computers, a law library and telephones. The state has an obligation to either provide individuals with access to the courts, or a lawyer who can assist the inmate in presenting their case in court.

This court takes judicial notice of the fact that every indigent defendant who is incapable of hiring an attorney is provided an attorney by the State of Missouri to defend against any felony charges; thus, each of the plaintiffs in this case have an attorney to assist them in preparing their defense against the criminal charges. Furthermore, the court in which the criminal charges are pending can, upon request by defense counsel, order the institution to provide a defendant with whatever access the defendant needs to his trial attorney.

Access to the courts requires only that an inmate be given either an attorney or access to a law library, not both. Bounds v. Smith, 430 U.S. 817 (1977). See also Stanko v. Sanchez, 2007 WL 1319503 (Neb. 2007). Furthermore, it is a well-established policy that the federal courts should abstain from meddling in litigation pending in the state courts. See Burford v. Sun Oil Co., 319 U.S. 315, 332 (1943). The court may abstain when there is a pending state court proceeding involving the same subject matter. Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967); Annotation, Stay of Action in Federal Court Until Determination of Similar Action Pending in State Court, 5 A.L.R. Fed. 10 (1967). This is also true when a state has a strong interest and competence in dealing with the subject, 17A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2d § 4247 (1988), such as state criminal,

2

administrative and family law matters.  Ankenbrandt v. Richards, 504 U.S. 689 (1992).  See also Kahn v. Kahn, 21 F.3d 859, 861 (8th Cir. 1994) (federal courts generally abstain from exercising jurisdiction when a cause of action closely relates to an action for divorce, alimony or child custody); Ronwin v. Dunham, 818 F.2d 675 (8th Cir. 1987).  This is known as the abstention doctrine and is followed in the federal court system today.  See also Younger v. Harris, 401 U.S. 37, 46 (1971).

Based on the foregoing, plaintiffs' motion for preliminary injunctive relief and defendants' motion to dismiss should be denied

Plaintiffs also filed a motion for an extension of time to amend their complaint and a motion to withdraw a portion of their claims in their motion for preliminary injunctive relief.  Plaintiffs' motions will be denied as moot.

IT IS, THEREFORE, ORDERED that plaintiffs' motion for an extension of time to file an amended complaint and motion to withdraw are denied as moot.  [11, 12]  It is further

RECOMMENDED that plaintiffs' motions for leave to proceed in forma pauperis be denied and their claims be dismissed, pursuant to 28 U.S.C. § 1915, for failure to state a claim for which relief can be granted.  It is further

RECOMMENDED that plaintiffs' motion for preliminary injunctive relief and defendants' motion to dismiss be denied as moot.  [7, 8]

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days.  The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report.  Exceptions should not include matters outside of the report and recommendation.  Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation.  The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances.  Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal.  See L.R. 74.1(a)(2).

Dated this 3rd day of January, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

4